OPINION
Defendant, Albert Bateman, appeals from the trial court's judgment classifying him a sexual predator.
In 1995, Bateman was charged with a total of seven counts of rape by force of a child less that thirteen years old, in violation of R.C.2907.02(A)(1)(b). The indictment covered offenses committed against two separate victims, both Bateman's step-daughters. Pursuant to a plea agreement, Bateman entered a plea of guilty to one count of attempted rape. Bateman was sentenced to a term of imprisonment of not less than eight nor more than fifteen years.
On February 11, 2000, the trial court conducted a sexual predator hearing pursuant to R.C. Chapter 2950.09. At the conclusion of the hearing, the trial court found Bateman to be a sexual predator.
Bateman filed timely notice of appeal. He presents two assignments of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN LABELING APPELLANT A SEXUAL PREDATOR BECAUSE R.C. § 2950.09(B)(2), WHICH ENUMERATES FACTORS FOR COURTS TO CONSIDER IN DETERMINING THE QUESTIONS ARISING IN SEXUAL PREDATOR HEARINGS, IMPERMISSIBLY ENCROACHES UPON THE POWER OF THE JUDICIARY IN VIOLATION OF THE SEPARATION OF POWERS AS SET FORTH IN ARTICLES II, III, AND IV OF THE OHIO CONSTITUTION.
In State v. White (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported, this court held that the General Assembly had unconstitutionally usurped a core judicial function by prescribing in R.C. 2950.09(B)(2) what evidence trial courts must consider in determining whether a sexual offender is likely to reoffend in the future. That usurpation violates the separation of powers doctrine and could lead to arbitrary results. We concluded that strict consideration of the R.C. 2950.09(B)(2) factors alone was unconstitutional, but not the balance of the statute. Therefore, a trial court is not mandated to consider these factors in making the requisite finding of fact.
Bateman argues, under this assignment of error, that the same problem that we addressed in White, supra, exists in this case. We disagree.
It is apparent from the trial court's statement that it did not feel constrained in the decision by the factors enumerated in R.C.2950.09(B)(2):
 . . . the Court recognizes the decision of our Court of Appeals in State versus White. I'm not compelled to consider any particular factors, but I will consider factors that the evidence has touched upon, and they include the ones set forth in the statute. (T. 46).
Our review of the record indicates that the trial court proceeded to weigh the evidence presented in light of the R.C. 2950.09(B)(2) factors, as well as other factors the court deemed pertinent such as "institutional discipline" and "whether there has been rehabilitation." Thus, it is clear that the trial court was not constrained by the factors set forth in R.C. 2950.09(B)(2).
Therefore, the first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT'S DECISION FINDING APPELLANT TO BE A SEXUAL PREDATOR AS DEFINED IN R.C. 2950.01(E) IS CONTRARY TO THE WEIGHT OF THE EVIDENCE
In order to classify Bateman as a "sexual predator" as that term is defined in R.C. 2950.01(E), the trial court was required to make a finding of fact predictive of Bateman's future behavior: whether he is "likely to engage in the future in one or more sexually oriented offenses." This finding must be supported by clear and convincing evidence. R.C. 2950.09(B)(3).
Clear and convincing evidence means proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Bradley (June 19, 1998), Montgomery App. No. 16662/16664, unreported; Cross v. Ledford (1954),161 Ohio St. 469, 120 N.E.2d 118.
In determining whether a trial court's decision finding a defendant to be a sexual predator is against the manifest weight of the evidence, the appellate court weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the trial court sitting as trier of facts lost its way and created a manifest miscarriage of justice.Bradley, supra.
R.C. 2950.09(B)(2) requires the trial court, in determining whether a defendant is a sexual predator, to consider all relevant factors, including ten specific factors set out in R.C. 2950.09(B)(2)(a)-(j). As noted above, this court in State v. White found that a trial court may not be constrained by these factors, but rather should look at the evidence in light of the 2950.09(B)(2) factors as well as any other factors it deems relevant. White, supra.
Based on our independent review of the record, we conclude that there is clear and convincing evidence to find that Bateman is a sexual predator. Therefore, we cannot say that the trial court lost its way and created a manifest miscarriage of justice when it made this determination.
The trial court gave the greatest weight to the following evidence: the fact that this conviction was Bateman's fifth felony conviction, and that prior offenses involved violence; that there were multiple victims; that there was a pattern of abuse in that the incidents occurred over a three-week period; and, that Bateman used parental authority over the victims to coerce them to comply, which showed cruelty.
The trial court balanced this evidence against evidence that would tend to belie Bateman's likelihood of recidivism. The trial court gave the most weight to the fact that Bateman had taken a number of steps toward rehabilitation while incarcerated, including: the completion of a drug and alcohol program; the award of a GED; the completion of an auto detailing program; the completion of CPR training; and, Bateman's ongoing participation in the Magellan program for sexual offenders.
The court found that, although it was "admittedly a close call," the State had met its burden of proving that Bateman is a sexual predator by clear and convincing evidence. Based on the forgoing, we cannot find that the judgment of the trial court was against the manifest weight of the evidence. Therefore, the second assignment of error is overruled.
 Conclusion
Having overruled the assignments of error presented, we will affirm the judgment from which this appeal was taken.
FAIN, J. and YOUNG, J. concur.